*In The*
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JORGE FRATICELLI** : | |
| : | |
| v. : | |
| : | |
| **FRANK GILLIS,** : | |
| *Superintendent, SCI Coal Township* : | No. 02-2915 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 USCS §2254**

Petitioner, Jorge Fraticelli, through his attorneys, F. Emmett Fitzpatrick and NiaLena Caravasos, hereby supplements his original Memorandum in Support of his Application for a Writ of Habeas Corpus pursuant to 28 USCS §2254 as follows:

*Timeliness*

On direct appeal, Mr. Fraticelli's attorney raised various issues, including the fact that trial counsel was ineffective in failing to call character witnesses who would have testified to Mr. Fraticelli's good reputation for being a peaceful and non-violent citizen. In a decision filed on 3 November 1997, a three-judge panel of the Superior Court of Pennsylvania held that although trial counsel conceded that Mr. Fraticelli had provided them with a list of potential character witnesses, at the evidentiary hearing on this issue, appellate counsel failed to establish (a) that any of these witnesses were available and willing to testify at trial, (b) the nature of their testimony, and (c) the manner in which it would have been helpful. A Petition for Allowance of Appeal was filed by appellate counsel with the Supreme Court of Pennsylvania in December 1997, in which an issue other than the one referenced was raised. In July 1998, the Supreme Court denied Mr. Fraticelli's Petition for Allowance of Appeal.

A petition pursuant to the Post-Conviction Relief Act was subsequently filed in the Delaware County Court of Common Pleas and denied by Judge Keeler in June 2000. On appeal, PCRA appellate counsel asserted various claims including the following: (a) trial counsel was ineffective for failing to object to the prosecutor's comments during closing argument regarding not being able to call the defendants as witnesses as well as his comments regarding Mr. Fraticelli's post-arrest silence; and (b) trial counsel was ineffective for failing to present character witnesses at trial, and appellate counsel was ineffective for not properly addressing the issue of character evidence on direct appeal. In a decision filed on 31 May 2001, a three-judge panel of the Superior Court of Pennsylvania held that Mr. Fraticelli's first argument referenced above had been properly rejected by Judge Keeler. The second issue referenced above was deemed to have been previously litigated. The denial of Mr. Fraticelli's PCRA petition was therefore upheld by the Superior Court.

The filing of Mr. Fraticelli's §2254 petition should be subject to equitable tolling. See <u>Davis v. Johnson</u>, 158 F.3d 806 (5th Cir. 1998) (as the AEDPA's limitations period is subject to equitable tolling and is not a jurisdictional bar, a court has the power to toll the limitations period). First of all, as discussed in detail in the enclosed affidavit *(see Exhibit A)*, Mr. Fraticelli was improperly informed by prior counsel regarding the time frame in which he could file his petition. As a result of the advice received and relied upon by him from prior counsel, Mr. Fraticelli was under the mistaken impression that he had one additional year after the litigation of his PCRA petition in which to file a federal habeas. *See Exhibit A*.

Moreover, in reference to the character issue, since it had not been properly presented by prior counsel, this issue was not finally litigated until the Superior Court decision was handed down on 31 May 2001. Consequently, as this issue could not have properly been raised in a §2254 petition prior to that, it is only equitable to consider the one-year time limit not to have begun running until 31 May 2001. In reference to the issue regarding the prosecutor's comments, it was also not finally litigated until 31 May 2001, thereby making it once again equitable to consider the one-year time limit not to have begun running until 31 May 2001.

WHEREFORE, it is for the foregoing reasons that the petitioner, Jorge Fraticelli, prays that his application for a writ of habeas corpus under 28 USCS §2254 be considered as timely filed.

Respectfully Submitted,

_____
F. Emmett Fitzpatrick    ID #03901


_____
NiaLena Caravasos    ID #69860
