IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE FRATICELLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK GILLIS, et al. | : | NO. 02-2915 |

REPORT AND RECOMMENDATION

DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE                               November    , 2002

     Presently before the court is a counseled petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. On July 18, 1995, following a jury trial in the Court of Common Pleas for Delaware County, the petitioner was convicted of second degree murder, robbery, conspiracy to commit robbery and possession of a firearm without a license. He was subsequently sentenced to a life term of incarceration. He is presently serving that sentence in a state correctional institution.

     The petitioner raises the following claims in his petition. First, that his two trial counsel were ineffective for failing to object to the portions of the prosecutor's closing argument which related to his inability to call the defendants as witnesses and which related to the petitioner's post-arrest silence. Petition at p. 9. Second, direct appellate counsel was ineffective for failing to properly support the claim that trial counsel had been ineffective for failing to present character witnesses. Id. at pp. 9-10; Memorandum in Support of the Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petitioner's Memorandum") at p. 13.

The District Attorney for Delaware County has filed an answer to the habeas petition. In his answer, the District Attorney argues that the habeas petition is time-barred. He also argues that the petitioner's claims are without merit. As will be explained, the court agrees that the petition is time-barred and will recommend dismissing the habeas petition.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted and it imposes a one year period of limitations on habeas corpus petitions. The time period begins to run on the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute also provides that "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that a properly filed application for state collateral relief is a "one submitted according to the state's procedural requirements, such as rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

The petitioner was convicted on July 18, 1995.[1]  The petitioner then pursued a direct appeal.  On November 3, 1997, the Superior Court of Pennsylvania affirmed his conviction and sentence.  The petitioner then filed a petition for allowance of appeal ("allocatur"), which the Supreme Court of Pennsylvania denied on July 30, 1998.  The petitioner did not seek certiorari.

On July 30, 1999, the petitioner filed a counseled petition for collateral relief pursuant to the Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. § 9541 et seq.  He subsequently obtained new counsel and new counsel filed an amended petition on January 20, 2000.  Evidentiary hearings were held on March 7 and 14, 2000.  On June 30, 2000, the PCRA court denied relief.  The petitioner appealed and, on May 31, 2001, the Superior Court affirmed the denial of PCRA relief.  The petitioner did not file a timely allocatur petition.[2]

---

[1]The procedural information contained in this opinion is derived from the parties' filings, the state court record and the court's own Westlaw search in order to determine that the petitioner did not seek certiorari on direct appeal.

[2]In his original memorandum of law, the petitioner makes no mention of whether he filed an allocatur petition during his PCRA proceedings.  In the memorandum of law the District Attorney filed, he stated that after the Superior Court ruled on May 31, 2001, the petitioner obtained new counsel, Lee Nollau, who sought an extension of time to file an allocatur petition.  Memorandum of Law in Opposition to Petition for Habeas Corpus Relief at p. 8.  The District Attorney states that this request was denied on July 30, 1998.  Id.  This is obviously an error since that is the date allocatur was denied on direct appeal.  The District Attorney goes on to state that new counsel never filed an allocatur petition.  Id.  Further, the petitioner has filed a supplemental memorandum.  In it, he fails to mention whether he filed an allocatur petition during his PCRA proceedings.  However, in the affidavit he has submitted in support of his supplemental memorandum of law, the petitioner avers that, after the Superior Court affirmed the denial of PCRA relief on May 31, 2001, he retained Mr. Nollau to file an allocatur petition.  Petitioner's Affidavit at p. 1.  He further avers that Mr. Nollau sought an extension of time to file the allocatur petition and that the request was denied on June 15, 2001.  Id.  The petitioner fails to mention whether Mr. Nollau ever filed an allocatur petition.  In addition, the state

The petitioner filed a second, pro se PCRA petition in November 2001.[3] On March 1, 2002, the PCRA court denied the petition.[4] There is no indication that the petitioner appealed to the Superior Court.

The first step in applying the habeas period of limitations is determining when the petitioner's conviction became final on direct appeal. On direct appeal, the Supreme Court of Pennsylvania denied allocatur on July 30, 1998. The petitioner had ninety days to filed for certiorari. Sup. Ct. R. 13(1). The petitioner did not file for certiorari; therefore, his conviction became final on October 30, 1998. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). This is the date the habeas period of limitations began to run unless one of the other statutory starting dates applies.

The petitioner does not contend that any state action in violation of the federal constitution occurred after October 30, 1998 which prevented him from filing his habeas petition sooner that he actually did. Thus, 28 U.S.C. § 2244(d)(1)(B) does not call for a starting date for the habeas period of limitations after October 30, 1998. The petitioner does not rely upon a new constitutional right which the United States Supreme Court initially recognized after October 30, 1998 and which the United States Supreme Court

---

court record contains an August 7, 2001 order from the state supreme court which denied the petitioner's application for an extension of time to file an allocatur petition. Based on this record, the court concludes that the petitioner did not file a timely allocatur petition after the Superior Court's May 31, 2001 decision.

[3]The petitioner states that his second PCRA petition was filed on November 15, 2001. Petition at p. 7. The District Attorney states that it was filed on November 20, 2001. Answer at p. 3.

[4]The parties agree that the second PCRA petition was denied on March 1, 2002. Petition at p. 7; Answer at p. 3. In addition, the state court record contains a March 1, 2002 order from the PCRA court which denies the second PCRA petition.

4

made retroactively applicable to cases on collateral review. Thus, 28 U.S.C. § 2244(d)(1)(C) does not call for a starting date for the habeas period of limitations after October 30, 1998. Finally, the petitioner does not raise a claim containing a factual predicate which, through the exercise of due diligence, he could only have discovered after October 30, 1998. Thus, 28 U.S.C. § 2244(d)(1)(D) does not call for a starting date for the habeas period of limitations after October 30, 1998.

Because none of the alternative starting dates for the habeas period of limitations apply, the date his conviction became final is the starting date. Thus, the habeas period of limitations began to run on October 30, 1998. It continued to run until the petitioner filed his PCRA petition on July 30, 1999. See 28 U.S.C. § 2244(d)(2). By that time, nine months of the habeas period of limitations had expired.

The PCRA court denied relief and the Superior Court affirmed this decision on May 31, 2001. Under state law, the petitioner had thirty days to seek allocatur. See Pennsylvania Rule of Appellate Procedure 1113(a). Because the petitioner did not file a timely allocatur petition, his PCRA petition ceased to pend on June 30, 2001, the date his ability to file a timely allocatur petition expired. See Swartz v. Meyers, 204 F.3d 417, 420, 421, 424 (3d Cir. 2000). The habeas period of limitations began to run again on that day and it expired three months later on September 30, 2001.[5] The counseled habeas petition was not filed in this case until May 16, 2002, more than seven months after the habeas period of limitations had expired.

---

[5] The petitioner's second PCRA petition was not filed until November 2001. Thus, it was filed too late to statutorily toll the already-expired habeas period of limitations.

5

After the District Attorney filed his answer, the petitioner filed a supplemental memorandum. In it, he argues that principles of equitable tolling should save his habeas petition from being untimely.[6] He first argues that, when his PCRA petition was pending, each of the attorneys who represented him told him that he would have a full year after his PCRA proceedings ended to file a federal habeas corpus petition. He has filed a affidavit to support his argument. The petitioner also argues that equitable tolling principles should cause the habeas period of limitations to begin on May 31, 2001. He makes this argument because it was not until that date that his two habeas claims had been "finally litigated" in Pennsylvania's courts.

For the reasons explained in this opinion, if the petitioner's prior attorneys advised him as he alleges with respect to how the habeas period of limitations operated in this case, they advised him incorrectly. The question is whether the alleged errors made by his prior attorneys constitute grounds for equitably tolling the habeas period of limitations beyond its expiration on September 30, 2001.

The Third Circuit has held that the habeas period of limitations is subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In deciding whether the habeas period of limitations should be equitably tolled, the petitioner must have diligently and reasonably asserted his rights and he must demonstrate extraordinary circumstances that would make the rigid application of the period of limitations unfair. Id. The Third Circuit has noted that attorney error in miscalculating

---

[6]The petitioner does not contend that his habeas petition is timely under operation any of the statutory provisions of 28 U.S.C. § 2244(d). His only argument concerning the habeas period of limitations is the question of equitable tolling.

the relevant deadline does not constitute extraordinary circumstances.[7] Id. (citing Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)). Thus, the mistaken advice prior counsel allegedly gave the petitioner does not constitute extraordinary circumstances, id., and the petitioner is not entitled to equitable tolling of the habeas period of limitations based on his first argument.

The petitioner also argues that equitable tolling principles should cause the habeas period of limitations to begin running on May 31, 2001 because that is the date his habeas clams were "finally litigated" in Pennsylvania's courts. If the court were to hold that this argument has merit, it would effectively eliminate 28 U.S.C. § 2254(d)(1)(A) in all cases where a petitioner raised some or all of his habeas claims in a collateral attack to his conviction rather than on direct appeal. In the court's experience, it is a fairly common occurrence that a habeas petitioner will raise some or all of his claims in a collateral attack rather than on direct appeal. Equitable tolling of the habeas period of limitations is limited to extraordinary circumstances, not common ones. The petitioner's second argument relies upon a common occurrence, not an extraordinary circumstance. Accordingly, the habeas period of limitations should not be equitably tolled based on the petitioner's second argument.

My recommendation follows.

---

[7] In Taliani, the petitioner filed his habeas petition a little over one month too late. Id. at 597. The petitioner claimed the reason he was late in filing was his attorney's error in calculating the limitations deadline because the attorney had conducted inadequate research. Id. The Seventh Circuit held that an attorney's mistake is normally not a valid basis for equitable tolling. Id. at 598. This is because "forcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer." Id.

## RECOMMENDATION

AND NOW, this _____ day of November, 2002, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED as time-barred. It is also RECOMMENDED that a certificate of appealability not be granted.

_____
DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE FRATICELLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK GILLIS, et al. | : | NO. 02-2915 |

O R D E R

AND NOW, this        day of                  , 2002, after careful and independent consideration of the petition for a writ of habeas corpus, the answer thereto and after review of the Report and Recommendation of Diane M. Welsh, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED as time-barred; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
DuBOIS, J.