IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE FRATICELLI** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **FRANK GILLIS; THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : | NO. 02-2915 |
| Respondents. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 6th day of December, 2002, after careful and independent consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Jorge Fraticelli, Respondents' Answer to the Petition, the Report and Recommendation of United States Magistrate Judge Diane M. Welsh dated November 7, 2002, and the Objections to the Opinion of United States Magistrate Judge Diane M. Welsh, **IT IS ORDERED** that:

1. The Report and Recommendation of United States Magistrate Judge Diane M. Welsh dated November 7, 2002, is **APPROVED** and **ADOPTED**;

2. The Objections to the Opinion of United States Magistrate Diane M. Welsh are **OVERRULED**;

3. The Petition of Jorge Fraticelli for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED** as time-barred; and,

4. A certificate of appealability will not issue on the ground that petitioner has not made

a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c).

## MEMORANDUM

The facts are set forth in the Report and Recommendation of United States Magistrate Judge Diane M. Welsh dated November 7, 2002. The Court has approved and adopted the Report and Recommendation and writes this Memorandum only to address an issue not presented to the Magistrate Judge - whether letters from petitioner to his attorney at the time, Robert J. Donatoni, Esquire, and letters from the said Robert J. Donatoni, Esquire, to petitioner, covering the period January 25, 1999 through July 19, 1999, attached to the Objections as Exhibit "A," establish a basis for equitable tolling of the statute of limitations. Counsel noted in the Objections that he recently received all such documentation from petitioner and was preparing to file an Amended Supplemental Memorandum in Support of Petitioner's Application for a Writ of Habeas Corpus at the time Judge Welsh issued her Report and Recommendation. The Court considers the additional documentation on the merits.

Judge Welsh correctly stated in her Report and Recommendation that the habeas period of limitations under 28 U.S.C. § 2244(d)(1)(A)-(D) began to run on October 30, 1998. That is the date petitioner's conviction became final. *See* *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Under the facts of this case, 28 U.S.C. § 2244(d)(1)(A) does not call for a starting date for the habeas period of limitations after October 30, 1998.

On July 30, 1999, petitioner filed a counseled petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq.* By that time, nine months of the habeas period of limitations had expired.

The PCRA Court denied relief and the Superior Court affirmed this decision on May 31,

2001.  Under state law, petitioner had thirty days to seek allocatur.  Because petitioner did not file a timely allocatur petition, his PCRA petition was no longer pending at the expiration of that thirty day period on June 30, 2001.  *See Swartz v. Meyers,* 204 F.3d 417, 420, 421,424 (3d Cir. 2000).  The habeas period of limitations began to run again on that day and it expired three months later on September 30, 2001.  The counseled habeas petition was not filed in this case until May 16, 2002, approximately seven and one-half months after the habeas period of limitations had expired.

Petitioner argues that the limitations period should be equitably tolled because between January 25, 1999 and July 19, 1999, he exchanged correspondence with his attorney, Robert J. Donatoni, Esquire, in an effort to reach Mr. Donatoni, to motivate Mr.  Donatoni to respond to his letters and telephone calls, to ascertain from Mr. Donatoni the time limitations facing petitioner in filing a PCRA petition and a federal habeas petition, to motivate Mr.  Donatoni into filing a PCRA petition in an expedient manner, and to ascertain whether Mr.  Donatoni recommended filing directly in federal court or proceeding first with a PCRA filing.  The short answer to these allegations is that, although Mr. Donatoni took nine months to file the PCRA petition, three months remained of the one-year period of habeas limitations for petitioner to file a federal habeas petition once the PCRA petition was no longer pending, and petitioner failed to act in that period of time.

To be successful in asserting the equitable tolling exception to the habeas statute of limitations, a petitioner must "show that he or she 'exercised reasonable diligence in investigating and bringing [the claims]' . . . mere excusable neglect is not sufficient." *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-19 (3d Cir.1998).  The Third

3

Circuit has also cautioned that "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *Robinson v. Johnson*, 2002 U.S. App. LEXIS 23736.

There is nothing before the Court which establishes or even suggests that petitioner exercised reasonable diligence in investigating and bringing his federal habeas petition after his PCRA petition was no longer pending. In short, petitioner offers no explanation as to why the federal habeas petition was not filed during that three month period except, perhaps, his statement that he was told by his former attorney or attorneys that he had one year from May 31, 2001, the date the Superior Court affirmed the denial of PCRA relief, or one year from June 30, 2001, when the time for seeking allocatur expired, to file that petition. However, as correctly stated by Judge Welsh, attorney error in calculating a relevant deadline does not constitute extraordinary circumstances warranting equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Thus, the mistaken advice prior counsel allegedly gave petitioner in this case does not warrant application of the doctrine of equitable tolling.

Notwithstanding the Court's determination that equitable tolling is inapplicable in this case, the Court notes that to succeed on the equitable tolling argument, petitioner would have to establish that over seven and one-half months of the nine month delay in filing the PCRA petition was inappropriate. This conclusion is based on the fact that the federal habeas petition was filed approximately seven and one-half months after the habeas limitations period expired. Otherwise stated, in order for petitioner to prevail, the Court would have to rule that any delay in filing the PCRA petition beyond one and a half months from the date on which petitioner's

4

conviction became final on October 30, 1998, was unreasonable.  That position is patently unreasonable, and is rejected by the Court.

**BY THE COURT:**

_____

**JAN E. DUBOIS, J.**