IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE FRATICELLI | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 02-2915 |
| FRANK GILLIS, *et. al.* | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                        **July 27, 2022**

Petitioner Jorge Fraticelli has filed a Motion under Federal Rule of Civil Procedure 60(b) to Vacate the Judgment or Order entered on December 6, 2002 dismissing his Petition for habeas corpus relief as time-barred.  Because Fraticelli has not shown the extraordinary circumstances necessary to warrant the relief sought, his motion shall be denied.

**CASE HISTORY[1]**

Fraticelli was convicted on July 18, 1995 in the Court of Common Pleas of Delaware County, Pennsylvania of second degree murder, robbery, conspiracy to commit robbery, and possession of a firearm without a license, for which he received a sentence of life imprisonment. He filed a direct appeal to the Pennsylvania Superior Court, which affirmed his judgment of conviction and sentence on November 3, 1997.  Fraticelli sought leave to appeal to the Pennsylvania Supreme Court but this was denied on July 30, 1998.  His conviction became final

---

[1] Most of the facts recited in the case history are derived from the Report and Recommendation of the Hon. Diane M. Welsh, U.S.M.J., issued on November 8, 2002 (ECF No. 8) addressing Fraticelli's first habeas petition in this case.

on October 30, 1998.[2]  Two petitions under the Pennsylvania Post Conviction Relief Act, 42 Pa.

C.S.A. § 9541, *et. seq.* followed: the first was filed on July 30, 1999, denied on June 30, 2000 and

affirmed by the Superior Court on May 31, 2001.  The second was filed on November 15, 2001

and denied on March 1, 2002.  Fraticelli did not seek leave to appeal to the Pennsylvania Supreme

Court with respect to his first PCRA petition nor did he ever appeal the trial court's decision

denying his second PCRA. ECF 8, 3-4.  Fraticelli is currently serving his sentence at SCI Phoenix

near Collegeville, Pennsylvania.

On May 6, 2002, Fraticelli filed a petition in this Court seeking habeas relief pursuant to

28 U.S.C. § 2254.  Fraticelli alleged both his trial and appellate counsel provided ineffective

assistance at trial and on direct appeal.  The matter was referred to Judge Welsh for the preparation

of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Welsh found the

one-year habeas period of limitations under AEDPA,[3] 28 U.S.C. § 2244(d)(1), began to run on

October 30, 1998, continued to run until Fraticelli filed his PCRA petition on July 30, 1999, and

remained pending until June 30, 2001.[4]  Judge Welsh thus determined Fraticelli's habeas

limitations period expired on September 30, 2001.  As the counseled habeas petition was not filed

until May 16, 2002, it was untimely by more than seven months.  ECF 8, 4-5.  Fraticelli also argued

he was entitled to equitable tolling of the limitations period because he relied on his counsel's

---

[2] As noted by Judge Welsh, because he had 90 days within which to file a petition for certiorari in the U.S. Supreme Court (which Fraticelli did not do), his conviction was calculated to have become final on October 30, 1998.  ECF 8, at 4 (citing *Morris v. Horn*, 187 F.3d 333, 337, n.1 (3d Cir. 1999); Sup. Ct. R. 13(1)).  *See also*, 28 U.S.C. § 2254(d)(1)(A).

[3]  The Antiterrorism and Effective Death Penalty Act of 1996.

[4] This date was calculated following the trial court's denial of Fraticelli's PCRA petition, the Superior Court's affirmance of the denial, and expiration of the time to file an application for leave to appeal to the Pennsylvania Supreme Court.

inaccurate representation that he would have a full year after his PCRA proceedings ended to file a habeas petition.  Judge Welsh rejected this argument because attorney miscalculations do not constitute the extraordinary circumstances necessary to justify equitable tolling.  *Id.* at 6-7 (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).   The Report and Recommendation stated the petition for writ of habeas corpus should be dismissed as time-barred and a certificate of appealability should not be granted.  ECF 8, 8.

Fraticelli filed objections to the Report and Recommendation.  On December 10, 2002, Judge DuBois, to whom the case was then assigned, overruled them, adopted the Report and Recommendation, and dismissed the habeas petition as time-barred. ECF No. 10.  Fraticelli sought a certificate of appealability, which the Third Circuit denied on June 11, 2003.   Thereafter, Fraticelli filed three applications with the Court of Appeals for an order authorizing the District Court to consider second or successive habeas petitions, all of which were denied in Orders entered on March 5, 2004, February 27, 2007, and August 20, 2013.

On November 12, 2013, Fraticelli filed an "Independent Action to Obtain Relief from Judgment or Order Pursuant to Rules 60(b) and 60(d).  In his motion, Fraticelli argued that certain exculpatory evidence, in the form of an allegedly newly-discovered psychosocial evaluation performed on the only witness against him, first became available to him on February 19, 2009, and this evidence justified equitable tolling of the habeas filing deadline. (ECF No. 18).  Noting this evidence was *not* newly-discovered but rather had been addressed at his co-defendant's sentencing hearing in November 1995, and that Fraticelli admitted he obtained and reviewed the transcript from the sentencing hearing in 2001, Judge DuBois concluded Fraticelli had one year from the date he obtained the transcript to file his habeas petition.  Because Fraticelli failed to do so, the petition was properly deemed to have been time-barred and Judge Dubois denied the 60(b)

motion on January 16, 2015.  (ECF No. 21).  Again, Fraticelli's request to the Third Circuit for a certificate of availability was denied, on September 17, 2015.

Fraticelli's next filing[5] was this Motion to Vacate Judgment or Order Pursuant to FRCP 60(b) on January 26, 2022.  ECF No. 25.  This matter was reassigned to the undersigned a few days later.

**DISCUSSION**

In this motion, Fraticelli endeavors once again to challenge the dismissal of his habeas petition as untimely filed.  He argues that because the state court applied a "public records presumption" which has now been disavowed by the Pennsylvania Supreme Court in denying his second PCRA petition as untimely, he should have received statutory tolling during the pendency of his state post-conviction proceedings.  Fraticelli avers this is the subject of his sixth PCRA petition, which "is currently pending in the Delaware County Court of Common Pleas awaiting further action."  ECF 25, 5-7, 14, 18.  Contrary to this assertion, Fraticelli's Sixth PCRA application was denied and dismissed by the state court on April 5, 2022.  Com. Resp. to Rule 60(b) Mot. for Relief, ECF 30, Exh. A.

Fed. R. Civ. P. 60(b) allows a court "on motion and just terms" to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

---

[5]  In addition to making reference in this motion to having filed a total of six PCRA applications in the Delaware County Court of Common Pleas, Fraticelli also refers to an action under 42 U.S.C. § 1983 which he filed in this Court against the former Delaware County District Attorney, and one of the Deputy District Attorneys, along with an officer in the Delaware County Office of Judicial Support.  In that suit, Fraticelli v. Gatson, et. al., No. 01-cv-2489, Fraticelli alleged he "was denied his First Amendment rights to access the courts as a result of the defendants' failure to produce public information contained in Burger's (his co-defendant's) sentencing file."  ECF 25, 10. Fraticelli voluntarily discontinued this action on October 1, 2001.

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Under Rule 60(c), a 60(b) motion "must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Fraticelli states he is presenting two questions for the Court's consideration in this motion: (1) whether he is entitled to equitable tolling due to the alleged wrongful conduct of government officials who impeded his efforts in obtaining the public sentencing file of the government's witness; and (2) whether the state court's reliance on a "public records presumption" as the basis to reject his subsequent PCRA petition as untimely filed affected the integrity of the District Court's ruling by finding his PCRA was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  ECF 25, 20.  The first question invokes reasons (2) and (3), and was previously considered and rejected by Judge Dubois in his January 16, 2015 Order denying Fraticelli's first Rule 60(b) motion.  Given that Fraticelli is effectively asserting a judicial error on the part of Judge Dubois in his formulation of question one, he had a one-year-period within which to raise it under Rule 60(b)(1). *Kemp v. United States*, ___U.S.___, 213 L. Ed.2d 90, 99 (2022). He did not do so and it shall therefore not be considered here, except insofar as to deny it as a basis upon which to afford Fraticelli relief on this motion.

Because the apparent foundation for Fraticelli's second question is a 2020 Pennsylvania Supreme Court decision, the Court finds it falls under reason 6, which "provides a catchall for any other reason that justifies relief," and "is available only when Rules 60(b)(1) through (b)(5) are

inapplicable." *Id.* at 96.  But even then, the motion must "be made within a reasonable time," and be supported by a showing of "extraordinary circumstances" which excuse the failure to proceed sooner. *Id.*; *Furman v. Sauers,* No. 11-4342, 2021 U.S. Dist. LEXIS 105050 at *8 (E.D. Pa. June 4, 2021); Fed. R. Civ. P.60(c).  In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, such as "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988)). "The petitioner 'bears the burden of establishing entitlement to such equitable [Rule 60(b)(6)] relief,' but the District Court 'must consider the full measure of any properly presented facts and circumstances attendant to the petitioner's request.'" *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021) (quoting *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014)).  In any event, such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Fraticelli argues extraordinary circumstances are present in his case as a result of the Pennsylvania Supreme Court's decision in *Commonwealth v. Small,* 238 A.3d 1267 (Pa. 2020).  In *Small,* the Supreme Court disavowed the "public record presumption" which had long barred a PCRA petitioner from obtaining an exemption from the one-year limitations period on filing based on facts which were unknown to the petitioner and which could not have been ascertained by the exercise of due diligence if those facts were of public record.  *Id*. at 1286.  However, "intervening changes in the law rarely justify relief from final judgments under [Rule] 60(b)(6)." *Agostini v. Felton,* 521 U.S. 203, 239 (1997); *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014).  To prevail, Fraticelli "also must show 'flexible' equitable factors warrant relief, including 'the effect of the change in decisional law on the district court's prior ruling'; 'the merits of' the underlying habeas

petition principles of 'finality and comity'; the 'movant's diligence in pursuing review'; and 'the imperative of correcting a fundamentally unjust incarceration.'" *Winn v. Ferguson*, No. 19-3089, 2022 U.S. Dist. LEXIS 88322 at *8 (E.D. Pa. May 16, 2022) (quoting *Bracey*, 986 F.3d at 296, *Cox*, 757 F.3d at 121, 124-126, and *Satterfield v. Dist. Att'y Phila.,* 872 F.3d 152, 162 (3d Cir. 2017)).

Fraticelli fails to show any of these things, nor has he made any showing that the public records exemption was the premise for the denial of his PCRA petitions, his habeas petition or his last Rule 60(b) motion.  To the contrary, as noted in Judge Dubois' January 20, 2015 Order rejecting Fraticelli's so-called "newly discovered evidence," Fraticelli admitted he "obtained and reviewed [his co-defendant's] sentencing hearing transcript in September 2001," at which [his co-defendant's] "psychosocial evaluator … testified that he may have suffered from a substance abuse induced psychotic episode when the crime was committed."  ECF 21, 3.  Because the record showed he became aware of the newly-discovered evidence in 2001, Fraticelli was required to assert any claims arising from such evidence within one year.  28 U.S.C. § 2244(d)(1).

Furthermore, even *if* the prior decisions of this Court *were* in any way based upon Pennsylvania's public records presumption, *Smalls* was issued on October 1, 2020.  Fraticelli did not file the instant motion until January 26, 2022 – again well over the one-year limitations period, and the judgment which he seeks to re-open now is twenty years old.  For this reason, the motion is clearly untimely, *See Gordon v. Monoson*, 239 Fed. App'x. 710, 713 (3d Cir. 2007).  In light of the total absence of any extraordinary circumstances to excuse the late filing, Fraticelli's 60(b) motion is properly denied.

An Order follows.

BY THE COURT:


/s/ Juan R. Sánchez

_____
Juan R. Sánchez,              C.J.